Michael F. Ram, Esq. (SBN 104805)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923
*mram@forthepeople.com*

Attorney for Plaintiff

[Additional Counsel on Signature Page]

UNITED STATES DISTICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kristi Hazard, as Parent and Legal Guardian of P.H., a minor,<br><br>Plaintiff,<br><br>v.<br><br>Johnson & Johnson Consumer, Inc., a New Jersey Corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) STRICT LIABILITY DESIGN DEFECT**<br>**(2) STRICT LIABILITYFAILURE TO WARN**<br>**(3) STRICT LIABILITY: MANUFACTURING DEFECT**<br>**(4) NEGLIGENCE**<br>**(5) BREACH OF IMPLIED WARRANTIES**<br>**(6) BREACH OF EXPRESS WARRANTIES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**[DAMAGES SOUGHT EXCEED $75,000]** |

**COMPLAINT**

**COMES NOW**, Plaintiff, Kristi Hazard, as Parent and Legal Guardian of P.H., a minor, ("hereinafter referred to as "Plaintiff/P.H") by and through the undersigned and her individual counsel and brings this Complaint to set forth potential claims against Defendant, Johnson & Johnson Consumer, Inc., (hereinafter referred to as "JJCI"). Plaintiff alleges as follows:

## THE PARTIES, JURISDICTION & VENUE

1. Plaintiff, Kristi Hazard, as Parent and Legal Guardian of P.H., a minor resides in Palmdale, California, and at all times relevant hereto has been, a resident of the County of Los Angeles.

2. Defendant Johnson & Johnson Consumer, Inc., ("JJCI") is a New Jersey corporation with its headquarters and principal place of business at Grandview Road, Skillman, New Jersey, 08558. Johnson & Johnson Consumer, Inc., is the manufacturer and/or distributor of the adulterated sunscreens, and is the parent company of Neutrogena Corporation.

3. This court has Subject Matter Jurisdiction via Diversity Jurisdiction since this is an action for damages that exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorneys' fees (the estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court) and there is complete diversity of citizenship between the parties.

4. This Court is authorized to exercise personal jurisdiction over Defendant JJCI pursuant to Federal Rule Civil Procedure Rule 4 because (i) the causes of action stated herein arise out of or relate to Defendant JJCI's purposeful contacts with Plaintiff and the State of California, (ii) Defendant JJCI's contacts with California are substantial and not isolated, (iii) Defendant JJCI markets, manufactures, conducts and does business in California, an (iv) the exercise of personal jurisdiction over Defendant, JJCI comports with due process.

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because the Central District of California is the district where Representative Plaintiff, purchased Defendant's defective products and thus where a substantial part of the events giving rise to these claims occurred, and under 18 U.S.C. §1965(a) by where the Defendant transacts business. The wrongful acts that are the subject of this Complaint and that give to the causes of action asserted herein occurred in the County of Los Angeles, State of California.

## FACTUAL ALLEGATIONS

6. Plaintiff brings this cause of action for a serious and life-altering physical disease sustained by 13-year-old P.H. while using certain JJCI, Neutrogena sunscreen products containing benzene and using them as intended and, in a manner, reasonably foreseeable to JJCI in and around Palmdale, California. As a result, Plaintiff, P.H., was diagnosed and received treatment for Acute Myeloid Leukemia (AML) on or about July 30, 2020, in the Palmdale/Los Angeles, California area.

7. Plaintiff, P.H., was born in Lancaster, California in 2009. Growing up in California, her parents regularly purchased and used various JJCI, Neutrogena Sunscreen Products including, but not limited to, Neutrogena Beach Defense Aerosol Sunscreen, and Neutrogena Ultra Sheer Aerosol Sunscreen. They used these products regularly and typically on a weekly basis near their home, the beach, camping, playing soccer, and in daily outside activities living in California from approximately June of 2010 until approximately July of 2021.

8. Plaintiff, P.H., was diagnosed with Acute Myeloid Leukemia (AML), at Kaiser Sunset Hospital in Los Angeles, CA when she was only 11 years old. She suffered multiple chemotherapy treatments and their side effects. Doctors have advised that due to the treatments, it is very unlikely she will be able to conceive children. Plaintiff, P.H., received a stem cell transplant on December 9, 2020, at City of Hope in Duarte, CA. She continues to receive follow-up care.

9. Plaintiff, P.H., was exposed to a known carcinogen, benzene, contained in JJCI's, Neutrogena Sunscreen Products. The case arises due to the negligence of JJCI in the development, manufacturing, packaging, labeling, distributing, and marketing of certain Sunscreen Products specified below. Several of JJCI's, Neutrogena sunscreen products (identified below), have been independently tested and shown to be adulterated with benzene, a known human carcinogen. The presence of benzene in JJCI's Neutrogena sunscreen products was not disclosed on the product labeling.

10. JJCI designed, manufactured, marketed, distributed, and sold Neutrogena Sunscreen.

11. As a direct and proximate result of the conduct of Defendant as set forth in her Complaint, Plaintiff sustained injuries and damages including, but not limited to undergoing chemotherapy treatments; past and future pain and anguish, both in mind and in body; permanent diminishment of her ability to participate in and enjoy the affairs of life; medical bills associated with the replacement procedure and recovery therefrom; future medical expenses; loss of enjoyment of life; disfigurement; physical impairment, and other injuries not fully known at this time.

12. Plaintiff's injuries suffered were both factually and proximately caused by the Defendant's defective and unreasonably dangerous sunscreen.

13. Plaintiff is entitled to recover for all economic and special damages incurred, including but not limited to damages for subsequent surgeries, rehabilitative services, follow up doctor visits and all expenditures incurred as a result of the additional operations and follow-up procedures.

14. Plaintiff further shows that she is entitled to recover for all noneconomic and compensatory damages allowed by law, including, but not limited to, pain and suffering for all pain and suffering that he has incurred as a

1 result of the defective product, the follow-up treatments, rehabilitation, and constant pain that occurs as a result of the failure of the product.

15. Plaintiff purchased the JJCI's, Neutrogena sunscreen products from Costco, Sam's Club, and Target, as well as other local retailers in and around the Quartz Hill and Palmdale, California area.

## BENZENE IN SUNSCREEN

16. Benzene is used primarily as a solvent in the chemical and pharmaceutical industries, as a starting material and intermediate in the synthesis of numerous chemicals, and in gasoline. The major United States source of benzene is petroleum. The health hazards of benzene have been recognized for over one hundred years. According to the National Toxicology Program ("NTP"), benzene is "known to be a human carcinogen based on sufficient evidence of carcinogenicity from studies in humans." The National Toxicology Program (NTP) is formed from parts of several different US government agencies, including the National Institutes of Health (NIH), the Centers for Disease Control and Prevention (CDC), and the Food and Drug Administration (FDA).

17. Exposure to benzene is a known cause of Acute Myeloid Leukemia (AML). The International Agency for Research on Cancer (IARC) is part of the World Health Organization (WHO). One of its goals is to identify the causes of cancer. IARC classifies benzene as "carcinogenic to humans," based on sufficient evidence that benzene causes AML.

18. The U.S. Environmental Protection Agency (EPA) maintains the Integrated Risk Information System (IRIS), an electronic database that contains information on human health effects from exposure to various substances in the environment. The EPA classifies benzene as a known human carcinogen.

19. In 2020, Valisure LLC and ValisureRX LLC ("Valisure"), an analytical pharmacy, performed tests on a variety of JJCI's, Neutrogena Sunscreen Products. Specifically, Valisure tested numerous lots of JJCI's, Neutrogena spray

and lotion Sunscreen Products. As a result of this testing, Valisure discovered that certain Sunscreen Products contain benzene, with values ranging from less than 0.1 parts per million ("ppm"), 0.10 ppm to 2 ppm, and more than 2 ppm, and even above 6 ppm. Benzene is not listed as an active or inactive ingredient on any of the labels of Neutrogena's and JJCI's Sunscreen Products. Moreover, all of the Sunscreen Products are marketed and advertised in an identical manner — as "Sunscreen."

20. The National Institute for Occupational Safety and Health ("NIOSH") recommends protective equipment be worn by workers expecting to be exposed to benzene at concentrations of 0.1 ppm and defines "skin absorption" as an exposure route.

21. On May 24, 2021, Valisure filed a citizen petition with the Food and Drug Administration ("FDA") requesting that the agency to recall all batches of JJCI's, Neutrogena sunscreen products tested which (as tested) contained 0.1 ppm or more of benzene, on the basis that they are adulterated under Section 501 of the FDCA (21 U.S.C. § 351) and misbranded under Section 502 of the FDCA (21 U.S.C. § 352). Neutrogena Beach Defense Aerosol Sunscreen, Neutrogena Cool Dry Sport Aerosol Sunscreen, Neutrogena Invisible Daily Defense Aerosol Sunscreen, and Neutrogena Ultra Sheer Aerosol Sunscreen, among others all tested positive for containing benzene.

22. On July 14, 2021, JJCI recalled the following products: Neutrogena Beach Defense Aerosol Sunscreen, Neutrogena Cool Dry Sport Aerosol Sunscreen, Neutrogena Invisible Daily Defense Aerosol Sunscreen, Neutrogena Ultra Sheer Aerosol Sunscreen.

23. Benzene, a known human carcinogen, is not on the FDA's list of acceptable active or inactive ingredients for Sunscreen Products. Nor is benzene identified as an active or inactive ingredient on any of the JJCI's, Neutrogena Sunscreen Products. Nevertheless, JJCI proclaim in their advertising that

5
COMPLAINT

1  "Neutrogena maintains that the sunscreen ingredients we use are safe and effective
2  . . .," which is a false and misleading statement.

3  24. JJCI's, Neutrogena sunscreens were designed, manufactured,
4  assembled, produced, and distributed in a defective, unmerchantable, and
5  unsuitable condition, by JJCI which caused Plaintiff injuries.

6  25. Errors and negligence in the manufacturing, packaging, shipping, and
7  delivery processes led directly to the presence of benzene in the sunscreen, thereby
8  rendering the JJCI's, Neutrogena Sunscreens defective and unreasonably
9  dangerous.

10  26. Plaintiff's injuries were actually and proximately caused by JJCI's,
11  Neutrogena sunscreens' defective and unreasonably dangerous condition.

12  27. Specifically, JJCI's, Neutrogena sunscreens suffered from several
13  design defects and were made using substandard and inferior-quality materials and
14  processes.

### FIRST CAUSE OF ACTION
### Strict Liability based on Design Defect

17  28. Plaintiff, Kristi Hazard, as Parent and Legal Guardian of P.H., a minor
18  re-alleges and incorporates paragraphs 1 through 26 of this Complaint as if fully
19  stated herein.

20  29. JJCI is responsible for testing, developing, designing, manufacturing,
21  marketing, selling, distributing, and promoting the Subject sunscreen products.

22  30. JJCI placed the Subject sunscreen products into the stream of
23  commerce. The Subject sunscreen products were expected to and did reach
24  Plaintiff without substantial change in their condition.

25  31. The Subject sunscreen products that Plaintiff used, and that caused her
26  injuries, did not perform as safely as an ordinary consumer would have expected
27  them to perform when used or misused in an intended or reasonably foreseeable
28  way.

32. At the time the Subject sunscreen products left JJCI's control, they were in a condition not contemplated by Plaintiff and were unreasonably dangerous and defective.

33. The Subject sunscreen products were in a defective and unreasonably dangerous condition when they left JJCI's final possession, custody, and control.

34. The risks associated with using the Subject sunscreen products outweigh any claimed or perceived benefits. There are practicable, feasible and safer alternatives to manufacture sunscreen that do not present the severe health risks that accompany the Subject sunscreen products.

35. The Subject sunscreen products failed to perform as safely as expected by Plaintiff, P.H., when used in the intended or reasonably foreseeable manner.

36. The Subject sunscreen products' defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff, P.H.

## SECOND CAUSE OF ACTION
## Strict Liability Based on Failure to Warn

37. Plaintiff, Kristi Hazard, as Parent and Legal Guardian of P.H., a minor re-alleges and incorporates paragraphs 1 through 26 of this Complaint as if fully stated herein.

38. JJCI is responsible for testing, developing, designing, manufacturing, marketing, selling, distributing, and promoting the Subject sunscreen products.

39. JJCI placed the Subject sunscreen products into the stream of commerce. The Subject sunscreen products were expected to and did reach Plaintiff, without substantial change in their condition.

40. The Subject sunscreen products had potential risks and side effects that were known or knowable to JJCI by use of scientific knowledge available at and after the time of design, manufacture, marketing, distribution, and/or sale of

the Subject sunscreen products used by Plaintiff. JJCI knew or should have known of the defective condition, characteristics, and risks associated with the Subject sunscreen products, as previously set forth herein.

41. The potential risks and side effects associated with the Subject sunscreen products presented a substantial danger when the sunscreen products are used or misused in an intended or reasonably foreseeable way.

42. Ordinary consumers would not have recognized the potential risks and side effects associated with using the Subject sunscreen products.

43. When placing the Subject sunscreen products into the stream of commerce, JJCI failed to provide adequate warnings as to the risks associated with the product. JJCI failed to warn consumers of the true risks and dangers—and of the symptoms, scope, and severity of the potential side effects of the Subject sunscreen products.

44. The lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's injuries.

45. As a direct and proximate result of JJCI's failure to provide adequate warnings in connection with its design, manufacture, marketing, distribution, and/or sale of the Subject sunscreen products, Plaintiff, P.H., suffered injuries herein described.

## THIRD CAUSE OF ACTION

### Strict Liability Based on Manufacturing Defect

46. Plaintiff, Kristi Hazard, as Parent and Legal Guardian of P.H., a minor, re-alleges and incorporates paragraphs 1 through 26 of this Complaint as if fully stated herein.

47. JJCI is responsible for testing, developing, designing, manufacturing, marketing, selling, distributing, and promoting the Subject sunscreen products.

**8**
COMPLAINT

48. JJCI placed the Subject sunscreen products into the stream of commerce. The Subject sunscreen products were expected to and did reach Plaintiff, without substantial change in their condition.

49. The Subject sunscreen products that Plaintiff, P.H., used, and that caused her injuries, did not perform as safely as an ordinary consumer would have expected them to perform when used or misused in an intended or reasonably foreseeable way.

50. The Subject sunscreen products are defective in their manufacture because their products contained benzene when they left JJCI's final possession, custody, and control.

51. The risks associated with using the Subject sunscreen products outweigh any claimed or perceived benefits. There are practicable, feasible and safer alternatives to manufacture sunscreen that do not present the severe health risks that accompany the Subject sunscreen products.

52. The Subject sunscreen products failed to perform as safely as expected by Plaintiff, P.H., when used in the intended or reasonably foreseeable manner.

53. The Subject sunscreen products' defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff, P.H.

## FOURTH CAUSE OF ACTION

### Negligence

54. Plaintiff, Kristi Hazard, as Parent and Legal Guardian of P.H., a minor, re-alleges and incorporates paragraphs 1 through 26 of this Complaint as if fully stated herein.

55. JJCI is responsible for testing, designing, manufacturing, marketing, selling, distributing, and promoting the Subject sunscreen products.

56. The Subject sunscreen products were in a defective and unreasonably dangerous condition when they left JJCI's final possession, custody, and control.

57. JJCI has a duty to properly test, design, manufacture, market, sell, distribute, and promote the Subject sunscreen products and to ensure the Subject sunscreen products were not in a defective and unreasonably dangerous condition when the Subject sunscreen products left JJCI's final possession, custody, and control.

58. JJCI owed a duty to provide adequate warnings, instructions, and information with the Subject sunscreen products.

59. JJCI owed a duty to inspect, test, and assure the quality of the Subject sunscreen products before the Subject sunscreen products final possession, custody, and control.

60. JJCI breaches of the above duties actually and proximately caused injury and damage to Plaintiff, P.H.

## FIFTH CAUSE OF ACTION
## Breach Of Implied Warranties

61. Plaintiff, Kristi Hazard, as Parent and Legal Guardian of P.H., a minor, re-alleges and incorporates paragraphs 1 through 26 of this Complaint as if fully stated herein.

62. Plaintiff purchased Subject sunscreen products, containing benzene, and ultimately contracted AML which caused her to suffer a life-altering physical disease.

63. At the time of Plaintiff's use of the Subject sunscreen products, JJCI was in the business of designing, manufacturing, marketing, distributing, and selling Neutrogena Sunscreen.

64. Prior to the time that the Subject sunscreen was used by Plaintiff, P.H., JJCI warranted that each of the five affected sunscreen products was free of defects when it sold these products to Plaintiff, P.H.

65. The Subject sunscreen was neither safe for its intended use nor of merchantable quality, as warranted by JJCI when put to its intended use, and it caused severe injuries to Plaintiff, P.H.

66. The average consumer, like Plaintiff, would not reasonably anticipate the dangerous and harmful condition of the Subject sunscreen, or the physical disease caused by reasonable and foreseeable use.

67. Plaintiff reasonably relied on the skill, judgment, and implied warranty of JJCI in using the Subject sunscreen.

68. JJCI breached this warranty by, *inter alia:*

   a. Knowingly concealing the material fact of the benzene contamination in the products, the use of which would increase the consumers' carcinogenic exposure and risk of cancer; and

   b. Making the material misrepresentation of the fact that the five defective products were safe to use, knowing that when applied as direct, use thereof would increase the consumers' carcinogenic exposure and risk of cancer.

69. Defendant knew of this defect and were put on explicit notice of the defects by Valisure following its testing and the May 24, 2021, Petition to the FDA, but continued manufacturing, distributing, marketing, and retailing these five benzene-contaminate sunscreen products to consumers.

70. JJCI breached the implied warranty of merchantability and the implied warranty of fitness, causing Plaintiff, P.H., to suffer severe pain and emotional distress, be subjected to ongoing side effects as a result of the cancer treatments, and incur expenses for doctors, hospitals, nurses, pharmaceuticals, and other reasonably required and medically necessary supplies and services.

71. As a result of the aforementioned breaches of implied warranties by JJCI, Plaintiff, P.H, suffered injuries and damages as alleged herein.

## SIXTH CAUSE OF ACTION

### Breach Of Express Warranties

72. Plaintiff, Kristi Hazard, as Parent and Legal Guardian of P.H., a minor, re-alleges and incorporates paragraphs 1 through 26 of this Complaint as if fully stated herein.

73. At all times herein mentioned, JJCI expressly warranted to Plaintiff, P.H., by and through statements made by JJCI or its authorized agents or sales representatives, orally and in publications, package inserts, and other written materials intended for the general public, that the Subject sunscreen was safe, effective, fit, and proper for its intended use.

74. In utilizing the Subject sunscreen, Plaintiff, P.H., reasonably relied on the skill, judgment, representations, and foregoing express warranties of JJCI.

75. Said warranties were false in that the aforementioned Subject sunscreens were not safe and were unfit for the users for which it was intended.

76. By selling, delivering and/or distributing the defective product to Plaintiff, P.H., JJCI breached their express warranties.

77. As a direct and proximate result of JJCI's breach of their express warranties, Plaintiff, P.H., P.H. suffered the injuries and damages alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kristi Hazard, as Parent and Legal Guardian of P.H., a minor, prays for judgment against Defendant Johnson & Johnson Consumer, Inc., and each of them, on all causes of action, as follows:

1. Awarding compensatory damages;
2. Awarding pre-judgment and post-judgment interest to Plaintiff;
3. Awarding all statutory damages and relief;
4. Awarding the costs and the expenses of this litigation to Plaintiff;
5. Awarding reasonable attorneys' fees and costs to Plaintiff as provided by

1     law;

2. 6. Awarding punitive damages, where appropriate, to the Plaintiff;

3. 7. Granting Plaintiff equitable relief in the nature of disgorgement;

4. 8. Restitution to remedy JJCI's unjust enrichment; and

5. 9. Granting all such other relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Kristi Hazard, as Parent and Legal Guardian of P.H., a minor, hereby demands a jury trial on all issues so triable.

Dated: September 13, 2023        Respectfully submitted,

By: */s/ Michael F. Ram*
    Michael F. Ram

Michael F. Ram (SBN 104805)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
mram@forthepeople.com
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

T. Michael Morgan (Pro Hac Vice Pending)
Joshua D. Moore (Pro Hac Vice Pending)
**MORGAN & MORGAN, P.A.**
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3389
mmorgan@forthepeople.com
joshmoore@forthepeople.com

*Attorneys for Plaintiff*

**13**
**COMPLAINT**