UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7629 PA (MRWx) | Date | September 27, 2023 |
|---|---|---|---|
| Title | Kristi Hazard v. Johnson & Johnson Consumer, Inc. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

　　Kristi Hazard, as parent and legal guardian of P.H., a minor ("Plaintiff") has commenced an action for personal injuries against defendant Johnson and Johnson Consumer, Inc. ("J&J"). Plaintiff alleges that Plaintiff was exposed to benzene through the use of sunscreen including "Neutrogena Beach Defense Aerosol Sunscreen, and Neutrogena Ultra Sheer Aerosol Sun screen." (Compl. ¶ 7.) According to the Complaint, "Johnson & Johnson Consumer, Inc., is the manufacturer and/or distributor of the adulterated sunscreens, and is the parent company of Neutrogena Corporation." (Compl. ¶ 2.) Although the Complaint appears to allege that Plaintiff used sunscreen sold by Neutrogena Corporation ("Neutrogena"), and that Neutrogena is a separate company from J&J, only J&J is named as a defendant. See Ranza v. Nike, Inc., 793 F.3d 1059, 1070 (9th Cir. 2015) ("As a general principle, corporate separateness insulates a parent corporation from liability created by its subsidiary, notwithstanding the parent's ownership of the subsidiary.").

　　Federal Rule of Civil Procedure 19 "prescribes a bifurcated analysis to determine whether parties should or must be joined." Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 819 (9th Cir. 1985). "First, a court must determine whether an absent party should be joined as a 'necessary party' under subsection (a). Second, if the court concludes that the nonparty is necessary and cannot be joined for practical or jurisdictional reasons, it must then determine under subsection (b) whether in 'equity and good conscience' the action should be dismissed because the nonparty is 'indispensable.'" Virginia Sur. Co. v. Northrop Grumman Corp., 144 F.3d 1243, 1247 (9th Cir. 1998). A party is "necessary" under Rule 19(a)(1) if:

  (A) in that person's absence, the court cannot accord complete relief among existing parties; or
  (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7629 PA (MRWx) | Date | September 27, 2023 |
|---|---|---|---|
| Title | Kristi Hazard v. Johnson & Johnson Consumer, Inc. | | |

      (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Under Rule 19(b), "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In deciding whether to proceed with the action despite the absence of a required party:

> The factors for the court to consider include:
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>  (A) protective provisions in the judgment;
>  (B) shaping the relief; or
>  (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Rule 19(b) "emphasizes practical consequences and its application depends on the circumstances of each case." Takeda, 765 F.2d at 819 (citing Provident Tradesmens Bank & Trust v. Patterson, 390 U.S. 102, 118-19, 88 S. Ct. 733, 742-43, 19 L. Ed. 2d 936 (1968)).

      It is unclear from the allegations in the Complaint why Plaintiff is pursuing its claims only against J&J and why Neutrogena is not a "necessary" party in this action. The Court therefore orders Plaintiff to show cause in writing why Neutrogena should not be joined as a necessary party and, if its presence would deprive the Court of jurisdiction, why it is not indispensable and this action dismissed for lack of subject matter jurisdiction. Plaintiff's response to the Court's Order to Show Cause shall be filed by no later than October 11, 2023. Failure to file an adequate response by that date may, without further warning, result in the dismissal of this action without prejudice.

      IT IS SO ORDERED.